IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY CASE NO: |
| ALFRED L. DAVIS, ) | 13-40536-JJR-7 |
| ) | |
| Debtor. ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF
THE ESTATE FREE AND CLEAR OF LIENS AND OTHER INTERESTS**

Pursuant to Bankruptcy Code §363(f) and Bankruptcy Rules 2002(a)(2), (c)(1) and 6004(c), Rocco J. Leo ("Trustee"), moves this Court for authority to sell at private sale the property of the estate described below.

The proposed sale is other than in the ordinary course of business. The property is not all or substantially all of the Debtor's real property.

1. The real property being sold shall consist of the property described below:

    Situate in the Sixth (6th) Civil District of Sevier County, Tennessee, and being all of Lot 18, Maples, Clinton and Conner Subdivision, as the same is shown on a map of record in Map Book 7, Page 15, in the Sevier County Register of Deeds Office, to which map specific reference is here made for a more particular description of said property.
     (the "Property").

2. The Property is being sold by private sale pursuant to the Purchase and Sale Agreement attached hereto as Exhibit A (the "Contract").

3. The proposed purchasers are Tim and Sherry Holland.

4. The purchase price for the Property is $52,000.

5. If other bidders wish to bid on the Property they must notify the attorney for the Trustee, William Dennis Schilling, P. O. Box 55147, Birmingham, AL 35255-5147 (205-328-0464) in writing five (5) days before the hearing on this motion. If there

are additional bids on the Property then the Trustee shall hold an auction of the Property. The minimum increase in each bid shall be $1,000.

6. The closing shall take place within 30 days following the approval of this sale by this Court.

7. The Property has been conveyed to Rocco Leo, Trustee pursuant to a Motion to Approve Agreement (Docket #48) approved by this Court (Docket #55). A copy of the deed is attached hereto as Exhibit B.

8. The Property is not subject to any liens except as set out below.

9. This belief is based on the debtor's petition and the title binder attached hereto as Exhibit C.

10. The title binder indicates the following parties have potential liens against the Property.

| DATE RECORDED | AMOUNT | ENTITY |
|---|---|---|
| 09-05-12 | $20,000.00 | Carl E. Chamblee, Jr. |
| 09-05-12 | Notice of Lis Pendens | Aliant Bank |
| 11-13-12 | Notice of Lis Pendens | Aliant Bank |

11. Carl E. Chamblee, Jr. ("Chamblee"), has agreed to accept $5,000.00 in full satisfaction of his mortgage as set out in the Motion to Approve Agreement (Docket #48) approved by this Court (Docket #55).

12. Trustee proposes to pay Chamblee $5,000.00 at closing in full satisfaction of his lien claim.

13. The Trustee is informed that Aliant Bank has released its lis pendens.

14. The Property will be sold "as is", "where is" with no warranties of any kind.

15. Trustee shall pay any past due taxes at closing and current year taxes shall be prorated as of closing. Further, Trustee shall pay additional reasonable costs as required by the Contract. Trustee will not pay the real estate agent involved in this sale without further order of this Court.

16. Trustee shall execute a Trustee's Deed in the form substantially attached hereto as Exhibit D and incorporated herein by reference.

17. The Trustee proposes to send notice of this sale to:

Aliant Bank
c/o Burt Newsome, Esq.
Newsome Law, LLC
P. O. Box 382753
Birmingham, AL 35283-2753

Carl E. Chamblee, Jr., Esq.
Chamblee & Malone, LLC
5582 Apple Park Drive
Birmingham, AL 35235

WHEREFORE, Trustee moves that this Court:

(a) Order and direct that service of this motion be made and certified in accordance with Bankruptcy Rule 9014 on lien creditors; and order pursuant to Bankruptcy Rule 2002(a)(2) that notice be given and certified to all creditors and indenture trustees; and

(b) Set as required by Bankruptcy Rule 6004(c) and 2002(a)(2) and (c)(1) the date, time and place of hearing on this motion and the time within which objections to the proposed sale may be filed and served on the attorney for Trustee; and

(c) At such hearing, to Approve and Confirm the proposed sale by private sale and authorize Trustee to sell and convey the property to the purchaser on the terms and

conditions proposed herein by execution of a Trustee's Deed to consummate the proposed sale and transfer of the Property to the purchaser; and

(d) If, at such hearing, it should appear that parties having or claiming a lien on or interest in the Property disagree about the validity, priority or extent of such liens or interests, to approve and confirm the sale nevertheless and to order the Trustee to hold the consideration until the disagreement can be resolved in an adversary proceeding brought pursuant to Bankruptcy Rule 7001(2); and

(e) To grant such other, further and different relief as may be proper in the premises to effect the sale of the property and to distribute the proceeds derived from the sale to the persons or entities entitled thereto.

Respectfully submitted,

/s/William Dennis Schilling
William Dennis Schilling
Attorney for Trustee

OF COUNSEL:

William Dennis Schilling
Attorney at Law
P. O. Box 55147
Birmingham, AL 35255-5147
(205) 328-0464
(205) 328-6996 fax
wdschilling@bham.rr.com